E-FILED
Tuesday, 28 December, 2004  10:07:40 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) NO. 04-2062 |
| THURSTON L. WIGGINS, | ) |
| Defendant, | ) |
| CATERPILLAR, INC., | ) |
| Garnishee. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR TURNOVER ORDER**

This garnishment proceeding was brought pursuant to the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §3001 et. seq. (hereinafter cited by section number only) to enforce collection of a Railroad Retirement Board overpayment of unemployment benefits debt order.

1.  The balance of the Railroad Retirement Board overpayment of unemployment benefits debt owed as of December 28, 2004 is $7,034.77.

2.  Pursuant to the Court's Order, a writ of garnishment was issued (Doc. 15) and served on Garnishee (Doc. 18).

4.  The Defendant was advised of his right to a hearing by the Clerk's Notice (Doc. 14).

5.  The Garnishee filed an Answer in this case (Doc. 19) which showed that the Defendant had non-exempt disposable earnings that are subject to garnishment.

6.  Neither the Defendant, nor the Garnishee, filed a request for a hearing.

7.  The FDCPA provides that after a Garnishee files an Answer, and if no hearing is requested, the court shall promptly enter an Order directing the garnishee as to the disposition of the judgment debtor's non-exempt interest in such property. 28 U.S.C. § 3205(c)(7).

8.  In accordance with § 3002(9) of the FDCPA and § 303 of the Consumer Credit Protection Act (15 U.S.C. §1673), the government is requesting that the garnishee withhold nonexempt disposable earnings being the lesser of 25% of the defendant's disposable earnings or the amount by which the weekly disposable earnings exceed 30 times the federal minimum wage.

9.  The payments by the garnishee should be made payable to the **"U.S. Department of Justice"** and through the United States Attorney's Office, Financial Litigation Unit, 318 S. 6th St., Springfield, IL 62701.

**WHEREFORE**, the Motion for Turnover Order should be granted and an Order so providing be entered by this Court.

Respectfully submitted,

**JAN PAUL MILLER**
**UNITED STATES ATTORNEY**

By:
s/James A. Lewis
James A. Lewis, NC Bar # 5470
Rodger A. Heaton, Bar # 6190908
Attorney for Plaintiff
United States Attorney's Office
318 S. 6th Street
Springfield, Illinois 62701
Telephone:  217/492-4450
Fax: 217/492-4888
E-mail: Jim.Lewis2@usdoj.gov
E-mail: Rodger.Heaton@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed a copy of the Memorandum of Law to:

> Thurston L. Wiggins
> 1030 Valleyview Ct.
> Post Office Box 553
> Decatur, IL 62522-0553

> Caterpillar, Inc.
> Attn: Legal Services Division
> 100 N.E. Adams
> Peoria, Illinois 61629-6620

Date: December 28, 2004

By:
s/James A. Lewis
James A. Lewis, NC Bar No. 5470
Rodger A. Heaton, Bar No. 6190908
Attorney for Plaintiff
United States Attorney's Office
318 S. 6th Street
Springfield, Illinois 62701
Telephone: 217/492-4450
Fax: 217/492-4888
E-mail: Jim.Lewis2@usdoj.gov
E-mail: Rodger.Heaton@usdoj.gov